**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

David Gordon Oppenheimer,                )
                                          )
                Plaintiff,                )
                                          )
        v.                                )
                                          )       Case No. 1:23-cv-04216
Communication Zone, Inc., American        )
Marketing & Publishing, LLC, Richard C. Wasmund, )
and John B. Kaprales,                     )
                                          )
                Defendants.               )

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendants, Communication Zone, Inc., Richard C. Wasmund, and John B.

Kaprales, by their attorney, Michael T. Kokal and Yu Ma of Heyl, Royster, Voelker & Allen, P.C.,

and for their Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

**NATURE OF THE ACTION**

1.      This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*

and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United

States Copyright Office, and under the Digital Millennium Copyright Act ("DMCA") for knowing

removal or alteration of copyright management information ("CMI") and knowing distribution

with CMI removed in violation of 17 U.S.C. § 1202 *et seq.*

**ANSWER:        Defendants admit that Plaintiff purports to bring this action under**

**the cited statutes but deny that they provide for the finding of liability and relief**

**requested by Plaintiff.  Defendants deny remaining allegations in paragraph 1.**

## THE PARTIES

2.      Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

**ANSWER:      Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and therefore deny them.**

3.      Defendant COMMUNICATION ZONE, INC. ("Comm Zone") is an Illinois corporation with a principal office to do business in Schaumburg, Illinois.

**ANSWER:      Defendants admit the allegations of paragraph 3.**

4.      Defendant AMERICAN MARKETING & PUBLISHING, LLC ("AMP") is a Delaware limited liability company with a principal office to do business in DeKalb, Illinois.

**ANSWER:      Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore deny them.**

5.      Upon information and belief, Defendant Richard C. Wasmund ("Wasmund") is an individual residing in Cook County, Illinois and, at all relevant times, was the president of Comm Zone.

**ANSWER:      Defendants admit the allegations of paragraph 5.**

6.      Upon information and belief, Defendant John B. Kaprales ("Kaprales") is an individual residing in DuPage County, Illinois and, at all relevant times, was the founder and CEO of Comm Zone.

**ANSWER:      Defendants admit the allegations of paragraph 6.**

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:      Defendants admits the allegations of paragraph 7.**

8.      Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

**ANSWER:      Defendants admits it is subject to the personal jurisdiction of this Court.**

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**ANSWER:      Defendants admit venue is proper in this judicial district.**

## FACTUAL ALLEGATIONS

10.      Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

**ANSWER:      Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore deny them.**

11.      Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob

Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 and therefore deny them.**

12. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and therefore deny them.**

13. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 and therefore deny them.**

14. Upon information and belief, Comm Zone performs design/installation and maintenance services for low voltage communications systems, including in and around Chicago, Illinois.

**ANSWER:** **Defendants admits the allegations of paragraph 14.**

15.     Upon information and belief, AMP provides online marketing and advertising services for clients around the United States, including in and around Chicago, Illinois.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 and therefore deny them.**

### Oppenheimer Creates, Registers, and Publishes the Photograph

16.     In early July 2015, Oppenheimer visited Chicago. During this visit, Oppenheimer created an aerial photograph of Wrigley Field ("Photograph") through significant skill and personal expense. Specifically, Plaintiff chartered a doors-removed helicopter and then captured the Photograph by physically operating professional camera equipment while leaning out of the doors-removed helicopter. This required skill and experience to best capture the stadium.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 and therefore deny them.**

17.     The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "Wrigley_Field_Chicago_aerialdsc_1044.jpg" – is registered with the United States Copyright Office as part of the collection *Chicago Travel and Aerial Photographs Including The Grateful Dead at Soldier Field* under Copyright Registration Number VAu 1-229-868, bearing a July 26, 2015, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and therefore deny them.**

18. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. CMI in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© 2015 David Oppenheimer" and "All Rights Reserved" and clicking the "Show EXIF" button makes all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and therefore deny them.**

19.     Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

**ANSWER:** **The allegations in paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 and therefore deny them.**

20.     Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

**ANSWER:** **The allegations in paragraph 20 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and therefore deny them.**

21.     Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**ANSWER:** The allegations in paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore deny them.

**Defendants Use the Photograph Without Authorization**

22.    Upon information and belief, in 2020, one or more of the Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph and reproduced, distributed, and/or displayed a modified copy of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- http://www.communicationzoneincschaumburg.com/ ("CZIS URL")
- http://communicationzoneincschaumburg.com//OptimaMedia/images/P_224 48/aa23f831-95f7-4efe-ae76-8b89abf1f625.jpg ("Image URL")

**ANSWER:** Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 with the exception of displaying a copy of the photograph on the subject URL's.

23.    Upon information and belief, on or around January 27, 2020, Comm Zone forwarded the Photograph, along with other photos, logos, and graphics, to AMP, whom Comm Zone had engaged to provide online advertising services for the benefit of Comm Zone.

**ANSWER:** Defendants admit the allegations of paragraph 23.

24.    Upon information and belief, Comm Zone represented and warranted to AMP that the materials provided to AMP by Comm Zone did not infringe, violate, or misappropriate any copyright.

**ANSWER:** The allegations in paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore deny them.

25. Upon information and belief, as a result of Comm Zone providing the Photograph to AMP, AMP proceeded to publish the Photograph at the Infringing URLs to promote Comm Zone's services. A true and correct copy of the webpage that was displayed at the CZIS URL, as captured on June 29, 2020, is attached hereto as Exhibit D. A true and correct copy of the infringed copy of the Photograph that is still being publicly displayed online at the Image URL, as captured on the date of this Complaint, is attached hereto as Exhibit E.

**ANSWER:** Defendants admit with the exception that it was publicly displaying at the time of Complaint.

26. Oppenheimer discovered Defendants' uses of the Photograph on June 29, 2020.

**ANSWER:** Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 and therefore deny them.

### Oppenheimer Provides Notice of Copyright Infringement to Defendants

27. On September 23, 2022, Oppenheimer, through counsel, provided notice to Defendants of Comm Zone's infringement of Oppenheimer's rights in the Photograph and demanded they cease and desist.

**ANSWER:** **Defendants admit but lacks knowledge and information sufficient to form a belief as to the truth or falsity of the date "September 23, 2022" and therefore deny them.**

28. On October 21, 2022, Comm Zone's insurer responded to Oppenheimer's counsel, shifting blame with respect to the infringement of the Photograph onto AMP, and indicating that no payment whatsoever would be made to Oppenheimer with respect to the usage of the Photograph for Comm Zone's benefit.

**ANSWER:** **Defendants admit the insurer responded and further states that said correspondence speaks for itself.**

29. After Oppenheimer's counsel attempted to receive further clarification from Comm Zone's insurer without success, on April 5, 2022, Oppenheimer's counsel sent a notice of infringement to AMP.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 and therefore deny them.**

30. AMP responded to Oppenheimer's counsel and provided a certification that AMP had received the Photograph from Comm Zone. A true and correct copy of AMP's certification is attached hereto as Exhibit F.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 and therefore deny them.**

31.     On June 16, 2022, Oppenheimer's counsel again contacted Comm Zone's insurance provider, informing the insurance provider of AMP's certifications.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 and therefore deny them.**

32.     On June 19, 2022, Comm Zone's insurance provider (copying Wasmund) responded that the insurance provider's position was the same (i.e., that, *inter alia*, the insurer would not be making any voluntary payments with respect to Oppenheimer's claims).

**ANSWER:     Defendants admit insurance company providing correspondence dated June 19, 2022 and said correspondence speaks for itself.**

### FIRST CLAIM FOR RELIEF
### Copyright Infringement Under 17 U.S.C. § 501 (Against All Defendants)

33.     Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–32 of this Complaint as and for its response here.

34.     Plaintiff owns the exclusive rights to the copyright-protected Photograph.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 and therefore deny them.**

35.     Upon information and belief, one or more of the Defendants caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

**ANSWER:     Defendants admit to the allegations of paragraph 35.**

36.     Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 and therefore deny them.**

37.     Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

**ANSWER:     Defendants deny the allegations of paragraph 37.**

38.     Defendants infringed Plaintiff copyright in the Photograph in violation of 17 U.S.C. § 501.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 and therefore deny them.**

39.     Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39 and therefore deny them.**

40.     Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 and therefore deny them.**

41.     In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

**ANSWER:** **Defendants deny that Plaintiff is entitled to maximum statutory damages, or that willful infringement occurred. Defendants deny the remaining parts of paragraph 41.**

42.     Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

**ANSWER:** **Defendants deny that Plaintiff is entitled to attorneys fees.**

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**Vicarious Copyright Infringement**</u>
<u>**(In the Alternative Against Wasmund and Kaprales)**</u>

43.     Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–42 of this Complaint as and for its response here.

44.     Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time Comm Zone performed the infringing acts, (a) Wasmund was the president and/or other genre of principal of Comm Zone, and (b) Kaprales was the CEO, founder, and/or other genre of principal of Zencity.

**ANSWER:** Defendants admit the allegations of paragraph 44.

45. Upon information and belief, Wasmund and Kaprales controlled nearly all decisions relating to Comm Zone and were the dominant influence of Comm Zone. Wasmund and Kaprales provided hands-on decision making with respect to the activities of Comm Zone, making most of the decisions relating to Comm Zone. Wasmund and Kaprales had the right and ability to supervise and/or control the infringing conduct of Comm Zone, and/or to stop the infringements once they began. Upon information and belief, Wasmund and Kaprales had an obvious and direct financial interest in these infringing activities of Comm Zone, because Comm Zone's use of the Photograph (and/or AMP's use of the Photograph, with the authorization of Comm Zone) on the Infringing URLs advertised and promoted the goods and services of Comm Zone, encouraging website viewers to purchase and use the services offered by Comm Zone. Infringement of the Photograph allowed Defendants to promote and sell more effectively Comm Zone's and/or Comm Zone's affiliates' services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of Comm Zone. Accordingly, each of Wasmund and Kaprales is personally liable to Oppenheimer as a joint and/or contributory infringer or is otherwise vicariously liable for the actions of Comm Zone.

**ANSWER:** Defendants deny controlling "all decisions" related to Comm Zone but do admit being the president and/or officers of same. Defendants deny the remaining allegations of paragraph 45 and any knowledge or liability for the alleged infringement.

**THIRD CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
**(In the Alternative Against Wasmund and Kaprales)**

46.     Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–45 of this Complaint as and for its response here.

47.     Alternatively, Wasmund and Kaprales have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

**ANSWER:     Defendants deny the allegations of paragraph 47.**

48.     Upon information and belief, Wasmund and Kaprales at all relevant times were the dominant influence in Comm Zone. Wasmund and Kaprales provided hands-on decision-making with respect to the activities of Comm Zone, set and controlled the policies and protocols of Comm Zone, and established corporate rules and cultures which encouraged the infringing activities. Wasmund and Kaprales therefore had the right and ability to supervise and/or control the infringing conduct of Comm Zone – and of Comm Zone's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Wasmund and Kaprales had an obvious and direct financial interest in the infringing activities of the company Wasmund and Kaprales operated.

**ANSWER:     Defendants deny controlling "all decisions" related to Comm Zone but do admit being the president and/or officers of same.  Defendants deny the**

**remaining allegations of paragraph 48 and any knowledge or liability for the alleged infringement.**

49. Accordingly, each of Wasmund and Kaprales is personally liable to Oppenheimer as a contributory infringer for the infringing activities of Comm Zone.

**ANSWER:** **Defendants deny the allegations of paragraph 49.**

**FOURTH CLAIM FOR RELIEF**
**Vicarious Copyright Infringement (In the Alternative Against Comm Zone)**

50. Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–49 of this Complaint as and for its response here.

51. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time AMP (or individuals at the direction of AMP) performed the infringing acts of publishing at the Infringing URLs, AMP was an agent of Comm Zone. Specifically, Comm Zone engaged AMP to provide digital marketing services for the benefit of Comm Zone.

**ANSWER:** **Defendants admit engaging AMP to provide digital marketing services and denies the remaining allegations of paragraph 51.**

52. Upon information and belief, as AMP's client for whose benefit digital services were being provided by AMP, at all relevant times, Comm Zone had the authority to control all of the Infringing URLs. As a result, at all relevant times, Comm Zone had the right and ability to supervise and/or control the infringing conduct with respect to the Infringing URLs, and/or to stop the infringements once they began.

**ANSWER:** **Defendants deny the allegations of paragraph 52.**

53. Upon information and belief, Comm Zone had an obvious and direct financial interest in these infringing activities of AMP, because AMP's use of the Photograph on the

Infringing URLs advertised and promoted the services of Comm Zone, thereby encouraging website viewers to purchase and use Comm Zone's and/or Comm Zone's affiliates' services. Infringement of the Photograph allowed Comm Zone to promote and sell Comm Zone's and/or Comm Zone's affiliates' services more effectively by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of Comm Zone.

**ANSWER:** **Defendants deny the allegations of paragraph 53.**

54.     Accordingly, Comm Zone is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of AMP.

**ANSWER:** **Defendants deny the allegations of paragraph 54.**

**FIFTH CLAIM FOR RELIEF**
**Contributory Copyright Infringement (In the Alternative Against Comm Zone)**

55.     Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–54 of this Complaint as and for its response here.

56.     Alternatively, Comm Zone has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

**ANSWER:** **Defendants deny the allegations of paragraph 56.**

57.     Upon information and belief, having obtained a copy of the Photograph without authorization from the author of such Photograph, Comm Zone had sufficient knowledge that provision of the Photograph to AMP for publication on a website promoting Comm Zone's services would infringe upon the rights of the author of the Photograph.

**ANSWER:** **Defendants deny the allegations of paragraph 57.**

58.     Accordingly, Comm Zone is personally liable to Oppenheimer as a contributory infringer for the infringing activities of AMP.

**ANSWER:     Defendants deny the allegations of paragraph 58.**

### SIXTH CLAIM FOR RELIEF
### Violations of the DMCA Under Section 1202(b) (Against All Defendants)

59.     Defendants repeat and re-incorporate its answers to the allegations in Paragraphs 1–58 of this Complaint as and for its response here.

60.     Plaintiff's published version of the Photograph contained CMI within the digital file of the Photograph, including identifying metadata and, *inter alia*, the identification of the author as "David Oppenheimer," as well as a plainly visible copyright notice stating "© 2015 David Oppenheimer" on the face of, and also embedded within the metadata of, the Photograph itself.

**ANSWER:     Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 and therefore deny them.**

61.     Upon information and belief, Defendants, or third parties at Defendants' direction and behest (discovery will reveal which), violated the DMCA by intentionally removing the Photograph's CMI, and distributing and displaying the Photograph with the CMI removed, having reasonable grounds to know that their actions would induce, enable, facilitate, and/or conceal their infringing activities.

**ANSWER:     Defendants deny the allegations of paragraph 61.**

62.     Such actions further demonstrate Defendants' willful infringement of the Photograph.

**ANSWER:** **Defendants deny the allegations of paragraph 62.**

63.    The aforesaid actions, including without limitation, the copy of the Photograph that was reproduced, distributed, and/or displayed at each of the Infringing URLs, constitute violations of Section 1202(b) of the Copyright Act. More specifically, all instances of removal or alteration of the Photograph's CMI by any of the Defendants or at any of the Defendants' behest resulted in a separate violation of Section 1202(b)(1), and each instance of display of the Photograph without CMI resulted in a separate violation of Section 1202(b)(2).

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 and therefore deny them.**

64.    Upon information and belief, Defendants knew or had reasonable grounds to know that by concealing the Plaintiff's CMI, that Defendants would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's Photograph.

**ANSWER:** **Defendants deny the allegations of paragraph 64.**

65.    Upon information and belief, Defendants intentionally or knowingly concealed the Plaintiff's CMI as aforesaid, in order to conceal that Defendants' uses of the Photograph was without the authorization of Plaintiff and in violation of law.

**ANSWER:** **Defendants deny the allegations of paragraph 65.**

66.    As a result of Defendants' actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

**ANSWER:** **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 and therefore deny them.**

67.     As a result of Defendants' actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

**ANSWER:** **Defendants deny the allegations of paragraph 67.**

68.     Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C.§ 1202.

**ANSWER:** **Defendants deny the allegations of paragraph 68.**

WHEREFORE, Defendants pray the Court enter judgment in its favor and against Plaintiff on all counts and for whatever additional relief the Court deems proper.

**DEFENDANTS DEMAND TRIAL BY JURY.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims and his recovery of the damages requested are barred by any and all applicable statutes of limitations, including the three-year statute of limitations contained in the Copyright Act, 17 U.S.C. § 107(b), for Plaintiff's failure to timely file suit after the allegedly infringing conduct occurred.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's requested relief is barred for his failure to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred by the doctrine of laches. Plaintiff unreasonably delayed his filing

of suit which resulted in prejudice to Defendants.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff was aware of his alleged

infringing conduct as early as 2020 but failed to act.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver. Plaintiff voluntarily and

intentionally relinquished his right, known to him as early as 2020, to file suit.

## SIXTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiff's claims are barred by the doctrine of copyright misuse to the extent Plaintiff has

engaged in abusive or improper conduct in exploiting or enforcing his copyright.

## SEVENTH AFFIRMATIVE DEFENSE
### (Third-Party Responsible)

All claims against Defendants are barred, in whole or in part, to the extent that the incident,

injuries, and damages alleged in the Complaint were caused, in whole or in part, by acts or

omissions by others for whose conduct Defendants are not responsible.

## EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unavailable)

To the extent Plaintiff seeks statutory damages in an amount that grossly exceeds its

actual damages and are thus punitive in nature, any such damages may not be recovered to the

extent such recovery violates the United States Constitution or any applicable statutory and

common law.

## NINTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendants expressly reserve the right to assert additional defenses, counterclaims,

and third-party claims as is necessary or appropriate as discovery continues.

## TENTH AFFIRMATIVE DEFENSE
### (Plaintiff is not entitled to an accounting)

The Copyright act does not provide any mechanism for Plaintiff to demand an

"accounting" from Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statutory Damages)

Plaintiff cannot claim statutory damages pursuant to 17 U.S.C. § 504(c) or attorney's fees

pursuant to 17 U.S.C. § 505 for any alleged acts of infringement occurring prior to the effective

date of the alleged registration or the alleged registration of the alleged copyrights (17 U.S.C. §

412).

## TWELFTH AFFIRMATIVE DEFENSE
### (Common Features)

The photographs which Plaintiff claims are copyrighted show nothing more than aerial photographs and are not unique. As a result, the photographs are not unique and not able to be copyrighted.

**DEFENDANTS DEMAND TRIAL BY JURY AS TO ALL AFFIRMATIVE DEFENSES.**

Communication Zone, Inc., Richard C. Wasmund, and John B. Kaprales Defendants,

BY:_____s/ Michael T. Kokal_____
HEYL, ROYSTER, VOELKER & ALLEN
Michael T. Kokal, ARDC #: 6211329

Communication Zone, Inc., Richard C. Wasmund, and John B. Kaprales Defendants

BY:_____s/ Yu Ma_____
HEYL, ROYSTER, VOELKER & ALLEN
Yu Ma, ARDC #: 6341339

HEYL, ROYSTER, VOELKER & ALLEN
3731 Wabash Avenue
Springfield, IL 62711
Telephone 217.522.8822
Facsimile 309.420.0402
Primary Email: sprecf@heylroyster.com
Secondary Email #1: mkokal@heylroyster.com
Secondary Email #2: nstevens@heylroyster.com

## CERTIFICATE OF FILING AND PROOF OF SERVICE

I certify that on October 3, 2023, at approximately 5:00 p.m., I electronically filed and transmitted the foregoing **Answer and Affirmative Defenses** with the United States District Court for the Northern District of Illinois, Eastern Division.

I further certify that the individuals named below have been served by transmitting a copy from my e-mail address to all primary and secondary e-mail addresses of record designated by those individuals on October 3, 2023.

**Ilya G. Zlatkin**
**Zlatkin Wong LLP**
**4245 North Knox Avenue**
**Chicago, IL 60641**
**ilya@zlatkinwong.com**

Under penalties as provided by law, I certify that the statements set forth in this **Certificate of Filing and Proof of Service** are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

/s/ N. Stevens