**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| David Oppenheimer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:23-cv-04216 |
| Communication Zone, Inc., American Marketing ) | |
| & Publishing, LLC, Richard C. Wasmund, and ) | |
| John B. Kaprales, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RULE 26(a)(1) DISCLOSURES

Defendants, Communication Zone, Inc., Richard C. Wasmund, and John B. Kaprales, by their attorney, Michael T. Kokal and Yu Ma of Heyl, Royster, Voelker & Allen, P.C., and hereby provide the following initial disclosures. Defendants' investigation is ongoing, and therefore, they provide these disclosures based upon information currently and reasonably available to them. Defendants expressly reserve the right to clarify, amend, modify, or supplement the information contained in these disclosures. Defendants make these initial disclosures without waiver of or prejudice to any objections, which are hereby expressly preserved.

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment:

**ANSWER:**

a. **Tim Gaber**
**Communication Zone, Inc.**
**735 Lunt Avenue**
**Schaumburg, IL 60193**
**Mr. Gaber can be reached through his attorneys.**

Mr. Gaber is expected to provide testimony as to his work with Defendants and provide testimony regarding his knowledge, the context of the photographs in questions, the origination and use of the photograph by Defendants, the transfer of the photographs to the marketing company. He may have knowledge of any of the common features or any of the uniqueness of the photographs or lack thereof. He may also testify as to the lack of infringing intent on behalf of Defendants. He may also testify as to the lack of use of the photographs by Defendants.

b. **Ben Woods**
**Communication Zone, Inc.**
**735 Lunt Avenue**
**Schaumburg, IL 60193**
**Mr. Woods can be reached through his attorneys.**

Mr. Woods is expected to provide testimony as to his work with Defendants and provide testimony regarding his knowledge, the context of the photographs in questions, the origination and use of the photograph by Defendants, the transfer of the photographs to the marketing company. He may have knowledge of any of the common features or any of the uniqueness of the photographs or lack thereof. He may also testify as to the lack of infringing intent on behalf of Defendants. He may also testify as to the lack use of the photographs by Defendants.

c. **Rick Wasmund**
**Communication Zone, Inc.**
**735 Lunt Avenue**
**Schaumburg, IL 60193**
**Mr. Wasmund can be reached through his attorneys.**

Mr. Wasmund is expected to provide testimony as to his work with Defendants and provide testimony regarding his knowledge, the context of the photographs in questions, the origination and use of the photograph by

        Defendants, the transfer of the photographs to the marketing company. He may have knowledge of any of the common features or any of the uniqueness of the photographs or lack thereof. He may also testify as to the lack of infringing intent on behalf of Defendants. He may also testify as to the lack of use of the photographs by Defendants. He will also testify as to the lack of profits made by Defendants using the photographs.

d.     **John Kaprales**
Communication Zone, Inc.
735 Lunt Avenue
Schaumburg, IL 60193
Mr. Kaprales can be reached through his attorneys.

Mr. Kaprales is expected to provide testimony as to his work with Defendants and provide testimony regarding his knowledge, the context of the photographs in questions, the origination and use of the photograph by Defendants, the transfer of the photographs to the marketing company. He may have knowledge of any of the common features or any of the uniqueness of the photographs or lack thereof. He may also testify as to the lack of infringing intent on behalf of Defendants. He may also testify as to the lack of use of the photographs by Defendants. He will also testify as to the lack of profits made by Defendants using the photographs.

e.     **David Oppenheimer**

Plaintiff may have knowledge of the common features and/or uniqueness of the photographs, as well as his marketing for photographs.

f.     **Angela Nurriella**
American Marketing & Publishing
Ms. Nurriella can be reached through her attorney.

Ms. Nurriella should have knowledge of AMP's use of the photographs and her interaction with individuals from Defendant and the photographs in question. She is expected to provide testimony as to his work with Defendants and provide testimony regarding his knowledge, the context of the photographs in questions, the origination and use of the photograph. She may have knowledge of any of the common features or any of the uniqueness of the photographs or lack thereof. She may also testify as to the lack of infringing intent on behalf of Defendants. She may also testify as to the use of the photographs by Defendants.

      g.      Others yet to be identified employees and representatives of Plaintiff.

      f.      Others yet to be identified employees and representatives of co-Defendant.

      h.      Any person listed in any of the discovery documents tendered between the parties.

      i.      Any person identified by any other parties pursuant to Rule 26(a)(1).

      j.      Any person identified by in the depositions to be taken in this matter

      k.      Investigation continues. Defendants reserve the right to supplement these disclosures.

2. Experts:

    **ANSWER:** Defendants reserve the right to disclose experts at the appropriate time.

3. Documents in possession of Defendants that may be relevant:

    **ANSWER:**

      a.      Communication – Emails between Defendant and co-Defendant regarding the subject photographs.

      b.      The photographs themselves and emails containing the photographs.

      c.      Any and all documents produced via discovery.

      d.      Any and all discovery responses.

      e.      Defendant reserves the right to supplement these disclosures.

4. Calculation of Damages

    **ANSWER:** Defendant reserves the right to supplement this response as permitted by 17 U.S.C. §C §1.

5.Insurance Coverage

**ANSWER:**

**Hanover Insurance is the carrier.**

**May 24, 2022 – May 24, 2023, Communication Zone, Inc. was named insured under a policy issued by Hanover Insurance, Policy No. UHCA636495 07, with liability coverage of $1,000,000.000 occurrence/each claim, commercial general liability. A copy of the policy will be made available for inspection upon request and entry of a Protective Order.**

Communication Zone, Inc., Richard C. Wasmund, and John B. Kaprales Defendants,


BY:s/ Michael T. Kokal
HEYL, ROYSTER, VOELKER & ALLEN
Michael T. Kokal, ARDC #: 6211329


Communication Zone, Inc., Richard C. Wasmund, and John B. Kaprales Defendants


BY:s/ Yu Ma
HEYL, ROYSTER, VOELKER & ALLEN
Yu Ma, ARDC #: 6341339


HEYL, ROYSTER, VOELKER & ALLEN
3731 Wabash Avenue
Springfield, IL 62711
Telephone  217.522.8822
Facsimile  309.420.0402
Primary Email: sprecf@heylroyster.com
Secondary Email #1: mkokal@heylroyster.com
Secondary Email #2: nstevens@heylroyster.com

**CERTIFICATE OF FILING AND PROOF OF SERVICE**

I certify that on October 31, 2023, at approximately 5:00 p.m., I electronically filed and transmitted the foregoing **Rule 26(a)(1) Disclosure** with the United States District Court for the Northern District of Illinois, Eastern Division.

**Ilya G. Zlatkin
Zlatkin Wong LLP
4245 North Knox Avenue
Chicago, IL 60641**
ilya@zlatkinwong.com

Under penalties as provided by law, I certify that the statements set forth in this **Certificate of Filing and Proof of Service** are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

/s/ N. Stevens